REQUESTED BY: Dear Senator:
You have requested the opinion of this office concerning the constitutionality of the passage of LB 76 as passed by the 1976 Session of the Legislature. You have asked this question in light of the opinion of Federal District Judge Denney in the case, Nebraskans for Independent Banking,Inc. v. Omaha National Bank, decided on November 30, 1976.
Ordinarily in accordance with the policy outlined in the letter from Mr. Clarence A. H. Meyer, then Attorney General, to the Clerk of the Legislature, dated December 28, 1972, and found on page 36 of Volume 1 of the 1973 Legislative Journal, we do not give opinions to individual senators as to the constitutionality of bills which have already become law. However, it is our understanding that you are asking this question in order to determine the necessity of taking appropriate action to cure a possible constitutional defect. For the reason that we are therefore dealing with proposed legislation to cure a possible defect, we will render an opinion.
Judge Denney's opinion in Nebraskans for IndependentBanking, Inc. v. Omaha National Bank, held unconstitutional LB 763 of 1976 as having been enacted in contravention of Article III, section 14 of the Constitution of the State of Nebraska. LB 763 originally related to building and loan associations and to the providing of the same advantages of federal savings and loan associations to them. On March 1, 1976 LB 763 was amended so as to relate to financial institutions and providing for attached auxiliary teller offices. The bill was then expedited and adopted on March 4, 1976. Judge Denney made the factual determination that the amendment relating to commercial banking was not germane to the original bill concerning building and loan associations so that under the Constitution of the State of Nebraska the amendment should be treated essentially as a new bill and may not be passed until five legislative days after its introduction under Article III, section 14. For the reason that the required 5 days was not complied with, Judge Denney held that LB 763, as relating to commercial banking, was passed in an unconstitutional manner.
LB 76 was originally introduced in 1975 as a bill relating to school retirement systems and providing that deposits in the school employees' savings fund may be made by the school district. On March 25, 1976, the fifty-sixth legislative day, LB 76 was substantially amended so as to delete all provisions concerning the school retirement fund and to provide for the increase in judges' salaries. LB 76, as amended, was passed by the Legislature on April 7, 1976, the sixtieth legislative day. Upon first blush it would appear that LB 76 encounters the same constitutional difficulty as LB 763. However, we believe that there is a substantial difference which adequately distinguishes it from LB 763. The amendment to LB 763 was apparently a new subject introduced before the Legislature only on March 1, 1976. The amendment to LB 76, however, was not a new subject. LB 697, which dealt with the increase in judges' salaries, was initially read on January 8, 1976, and was placed on General File on February 4, 1976. The subject of LB 697 was essentially the same as the subject contained in the amendment to LB 76. We therefore believe it can be successfully argued that the amendment to LB 76 had been before the Legislature for in excess of the five required days before final passage, although not under the same legislative bill number. We note that the Constitution does not require either that legislative bills have numbers or that if numbers are assigned that a legislative bill carry the same number through the entire process. We also note an additional fact which serves to distinguish the amendment to LB 76 from the amendment to LB 763. On March 25, after LB 76 was returned to Select File for the amendment noted above, the Chair, upon request, ruled that the amendment was germane. A court would have to determine that the ruling of the Chair was erroneous in order to determine that the amendment was not germane. This a court would normally be somewhat reluctant to do.
In summary, although a substantial question is presented concerning the constitutionality of the method by which LB 76 was passed, it is the opinion of this office that the method used in passing LB 76 is sufficiently distinguishable from that method used to pass LB 763 for the reasons expressed above so that the constitutionality of LB 76 could be successfully defended.